In the Matter of Valrie Patricia L., Respondent, v Levi L., Appellant. [840 NYS2d 540]—

In a proceeding to establish paternity pursuant to Family Court Act article 5, the putative father appeals, by permission, from an order of filiation of the Family Court, Kings County (O'Shea, J.), dated June 14, 2006, which adjudicated him to be the father of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In light of, inter alia, the unrebutted testimony of the mother as to an exclusive sexual relationship with the appellant during the relevant period, and two DNA tests indicating a 99.93% and a 99.96% probability that the appellant was the father of the subject child, the Family Court neither improvidently exercised its discretion nor violated the appellant's due process rights when it denied his request for a third DNA test to be conducted by a different laboratory (*see* Family Ct Act § 532 [a]).

Similarly, the Family Court did not improvidently exercise its discretion or violate the appellant's due process rights when it denied his request for a third adjournment to present testimony from the doctor who authenticated the DNA reports (*see* Family Ct Act § 533; *cf. Matter of Sicurella v Embro*, 31 AD3d 651 [2006]).

The appellant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.